# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| Martines Palmeiro Construction, LLC ) | Case No. 25-12313-TBM |
| Tax ID / EIN: 27-5490625 ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH CHRIS BRIDGEFORD and LETITIA MARIE BRIDGEFORD, INDIVIDUALLY AND AS TRUSTEES OF THE LETITIA MARIE BRIDGEFORD REVOCABLE TRUST, THE LETITIA MARIE BRIDGEFORD REVOCABLE TRUST, FIRSTIER BANK – NEBRASKA CORP. D/B/A FIRSTIER BANK AND FIRSTIER BANK – NEBRASKA, L.M. ARMSTRONG/BRIDGEFORD CONSTRUCTION, LLC, AND INTEGRITY CONCRETE & FOUNDATIONS, LLC**

Gregory M. Garvin, the Acting United States Trustee for Region 19 (the "UST"), through counsel, objects to Martines Palmeiro Construction, LLC's Motion to Approve Settlement Agreement with Chris Bridgeford and Letitia Marie Bridgeford, Individually and as Trustee of the Letitia Marie Bridgeford Revocable Trust, FirsTier Bank – Nebraska Corp. D/B/A FirsTier Bank and FirsTier Bank – Nebraska, L.M. Armstrong/Bridgeford Construction, LLC and Integrity Concrete & Foundations, LLC (the "Settlement Motion") [at Docket No 66]. The UST states and alleges as follows:

## Parties and History

1. Martines Palmeiro Construction, LLC (the "Debtor") filed its voluntary petition for Chapter 11 of Title 11 of the United States Code[1] on April 21, 2025 (the "Petition Date").

2. Pursuant to Sections 1107 and 1108, Debtor continues to manage its affairs as a debtor-in-possession.

3. The UST has standing to bring this matter before the Court pursuant to 11 U.S.C. §§ 307 and 28 U.S.C. § 586(a)(3).

4. An unsecured creditors committee has not been appointed.

---

[1] Unless otherwise indicated, all chapter, section, federal bankruptcy rule, and local bankruptcy rule references are to the Bankruptcy Code (the "Code"), 11 U.S.C. §§ 101-1532, the Federal Rules of Bankruptcy Procedure (the "Rules"), Rules 1001-9037, and to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Colorado (the "L.B.R.").

1

5. Counsel for the debtor-in-possession has not yet been approved by the Court. On April 24, 2025, Debtor filed its Amended[2] Application to Employ Allen Vellone Wolf Helfrich & Factor ("Allen Vellone") as counsel under § 327(a) and the UST objected to the application. The UST asserts that Allen Vellone's employment cannot be approved because the firm desires to represent Debtor while simultaneously defending Debtor's creditor, FirsTier Bank, in a state court lawsuit brought by Debtor against FirsTier Bank. This results in Allen Vellone's actual, direct, and present conflict since the inception of the bankruptcy case which precludes its employment. Allen Vellone's employment application remains pending.

6. The Settlement Motion with attached Settlement Agreement (together referred to herein as the "Settlement Motion") was filed May 23, 2025, and seeks to resolve Debtor's litigation with FirsTier Bank in which Allen Vellone is conflicted.

7. Debtor also filed an Application to Employ Taft Stettinius & Holister LLP as Special Counsel Pursuant to 11 U.S.C. § 327(e). Taft Stettinius & Holister LLP's ("Taft") employment application seeks to retain Taft for the narrow and special purpose of "Collection Matters" which includes the litigation which is the subject of the Settlement Motion.

8. Like Allen Vellone's employment application, Taft's employment application remains unapproved in part because of another creditor's objection alleging Taft's conflict of interest arising from the firm's assertion of a pre-petition debt and attorney lien against Debtor in the amount of $463,852.87.

9. Taft filed the Settlement Motion on behalf of Debtor. The Settlement Agreement largely benefits FirsTier Bank by resolving the lien priority dispute with Debtor in FirsTier Bank's favor. The Settlement Agreement also provides that other defendants, Chris Bridgeford and Letitia Marie Bridgeford, Individually and as Trustee of the Letitia Marie Bridgeford Revocable Trust (collectively the "Bridgefords") will make otherwise unsecured payments to Debtor in the amount of $450,000 in increments until May of 2027.

## Colorado District Court Action

10. The Settlement Motion was filed to resolve Debtor's pending Colorado District Court lawsuit against FirsTier Bank – Nebraska Corp. D/B/A FirsTier Bank and FirsTier Bank – Nebraska ("FirsTier Bank") and others. Debtor filed the lawsuit in Douglas County on July 11, 2024, with Case No. 2024CV30640 and is titled *Martines Palmeiro Construction LLC et al. v. Bridgeford, Chris et al.* (the "Colorado District Court Action").

11. Through the Colorado District Court Action, Debtor sought to foreclose on a home owned by the Bridgefords at 10280 Summit Ridge Road, Parker, Colorado (the "Summit Ridge Property"). FirsTier Bank was more than a necessary party to the foreclosure action. Rather, Debtor and FirsTier Bank asserted competing liens against the property with Debtor and FirsTier Bank arguing against each other's lien priority.

---

[2] Debtor's original Application to Employ Allen Vellone Wolf Helfrich & Factor was filed on the Petition Date but did not include any language concerning representation FirsTier Bank.

12. Allen Vellone, through attorneys Bailey Pompea and Eric Jonsen, currently and actively represents FirsTier Bank in the Colorado District Court Action. The District Court's docket reflects that Allen Vellone filed an answer to Debtor's complaint, on behalf of FirsTier Bank, on August 9, 2024, and have continued in representing FirsTier Bank to this date.

13. Taft, who filed the Settlement Motion with the Bankruptcy Court, represents Debtor in the Colorado District Court Action.

### The Settlement Motion and FirsTier Bank

14. Debtor named FirsTier Bank as a defendant in the Colorado District Court Action seeking to establish that Debtor's judgment lien against the Bridgefords of $825,000 had priority over FirsTier Bank's deed of trust and subsequent modified deed of trust on the Summit Ridge Property. FirsTier Bank's modified deed of trust was filed after Debtor's judgment lien. *See* Settlement Motion at paragraph 22a.

15. The Settlement Motion resolves that dispute largely in FirstTier Bank's favor. Through the Settlement Motion, Debtor's judgment lien of $825,000 plus fees and costs is placed behind FirsTier Bank's modified deed of trust on the Summit Ridge Property. The Settlement Agreement also provides that FirsTier Bank retains is rights under the deed of trust and the subsequent modified deed of trust.

16. While the Settlement Agreement does not provide an exact figure as to how much is currently owed to FirsTier Bank or state if the deed of trust is in default, paragraph 11 of the Settlement Motion provides a figure of $1,562,799.72 as a "maximum amount" that could be borrowed on the modified deed of trust. The Summit Ridge Property was sold in 2022 for $1,525,000 and has a "Zestimate" on Zillow.com of $1,674,800.

17. If the Settlement Motion is approved, it appears there is little or no equity in the Summit Ridge Property after FirsTier Bank's deed of trust. Debtor must thus rely on presently unsecured payments from the Bridgeford Parties who already defaulted on a previous settlement agreement in 2022.

### Objection

18. The Settlement Motion should be denied as Debtor has not provided sufficient evidence for the Court "to determine whether the settlement is fair and equitable and in the best interests of the estate." *See Official Committee of Unsecured Creditors v. Western Pacific Airlines, Inc. (In re Western Pacific Airlines*, *Inc.)*, 219 B.R. 575, 579 (D. Colo. 1998) (quoting *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976-77 (D. Colo. 1989)).

19. This issue is compounded significantly by Allen Vellone's actual and direct conflict of interest and both Allen Vellone's and Taft's contested and uncertain employment status.

20. According to the court in *In re US Bentonite, Inc.*, 536 B.R. 945, 961 (Bankr. D. Wyo. 2015), in assessing requests to approve compromises and settlements under Rule 9019,

courts generally analyze the following factors: (1) the probability of the success of the litigation on its merits; (2) any difficulty which may arise in the matter of collection; (3) the complexity of the litigation involved, and expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors and deference to their reasonable views.

21. Allen Vellone has an actual conflict of interest in representing FirsTier Bank and Debtor. An actual conflict exists if there is "an active competition between two interests, in which one interest can only be served at the expense of the other." *In re BH & P, Inc.*, 103 B.R. 556, 563 (Bankr. D.N.J. 1989), remanded on other grounds, 119 B.R. 35 (D.N.J.1990), *aff'd*, 949 F.2d 1300 (3rd Cir. 1991). *See also In re Roger J. Au & Son. Inc*., 101 B.R. 502, 505 (Bankr. N.D. Ohio 1989) ("Having to divide one's allegiance between two clients is what Section 327 attempts to prevent.").

22. Here, the proposed Settlement Motion calls into question whether Debtor can meet the fourth factor above, "the paramount interest of creditors and deference to their reasonable views." Taft, as proposed special "Collection Matters" counsel, is insufficient and inappropriate to advise the debtor-in-possession on best interests of the estate. "[I]t is not appropriate or in the best interests of the estate" to allocate to § 327(e) special counsel "the duties described in Section 327(a)—that is, to represent or assist the trustee in carrying out the trustee's duties under this title." *In re GIT-N-GO, Inc.,* 321 B.R. 54, 61 (Bankr. N.D. Okla. 2004) (internal quotations and citation omitted).

23. The Settlement Motion needs disinterested bankruptcy counsel to review the proposed settlement in the Colorado District Court Action and advise the debtor-in-possession. Allen Vellone, in representing interests specifically adverse to Debtor's interests in the Colorado District Court Action, holds an adverse interest and cannot serve as a fiduciary to the estate in this matter. *See In re Doors and More, Inc.*, 126 B.R. 43, 45 (Bankr. E.D. Mich. 1991) ("the attorney for the trustee or debtor in possession is also a fiduciary for the estate.").

24. Accordingly, for the reasons set forth above, the UST objects to the Settlement Motion the debtor-in-possession needs counsel who does not have an actual conflict to represent that the Settlement Motion is fair and equitable and in the best interest of the estate.

WHEREFORE, the UST requests that the Court deny the Settlement Motion and requests such other and further relief as the Court deems appropriate.

Dated: June 12, 2025

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee, Region 19
/s/ Paul Moss
Paul Moss, #26903
Trial Attorney for the U.S. Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7995 telephone
Paul.Moss@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 12, 2025, a copy of the UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH CHRIS BRIDGEFORD and LETITIA MARIE BRIDGEFORD, INDIVIDUALLY AND AS TRUSTEES OF THE LETITIA MARIE BRIDGEFORD REVOCABLE TRUST, THE LETITIA MARIE BRIDGEFORD REVOCABLE TRUST, FIRSTIER BANK – NEBRASKA CORP. D/B/A FIRSTIER BANK AND FIRSTIER BANK – NEBRASKA, L.M. ARMSTRONG/BRIDGEFORD CONSTRUCTION, LLC, AND INTEGRITY CONCRETE & FOUNDATIONS, LLC was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

<u>Via CM/ECF to:</u>

- Jeffrey Weinman
- Katharine S. Sender
- Matthew S. Rork
- David Law
- Mark Gruskin
- William H Eikenberry
- Kyler Burgi
- Shawn Christensen
- Edward Rubacha
- David M. Miller
- Jacob B Elsner
- Melissa Ogburn
- Anthony L. Leffert
- Henry Alan Sand
- Adam Reginald Ausmus
- Steven E. Ableman
- Daniel J. Garfield
- Peter A. Cal

<u>/s/ Paul Moss</u>
Office of the United States Trustee