# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS AND LIENS REGARDING CENTRAL PARK STATION PROJECT

This Settlement Agreement and Release of All Claims and Liens ("Agreement") is made by and between Martines Palmeiro Construction, LLC ("MPC") and Rio Grande Co. ("Subcontractor"), to fully, finally and forever release, resolve, discharge and settle the Claims related to the Central Park Station Project (as defined herein) upon and subject to the terms and conditions herein. MPC and Subcontractor are each referred to herein as a "Party" or collectively referred to as the "Parties."

### RECITALS

**A.** PR III/HSR Central Park Denver I, LLC ("Owner") owns the Central Park Station apartment project ("Project") located at 3650 N Uinta St., Denver, CO 80238 ("Property").

**B.** MPC is the general contractor for the Project pursuant to a Construction Agreement dated August 26, 2021 between MPC and Owner (the "Construction Contract").

**C.** Subcontractor contracted with MPC to perform Work on the Project pursuant to the Work Authorization No. MPC100950 and Master Agreement #MPC-RIOGRA-22 (the "Subcontract").

**D.** Subcontractor asserts that it has Claims relating to the Project and against MPC and Owner for, among other reasons, Work performed on the Project.

**E.** MPC and Owner dispute Subcontractor's Claims.

**F.** MPC asserts that it has Claims against Subcontractor for, among other reasons, schedule delays, defective or deficient Work or performance, or for other reasons.

**G.** Subcontractor disputes MPC's Claims.

**H.** The Parties mutually intend that this Agreement shall settle and forever resolve any Claims between them relating in any way whatsoever to the Project, the Subcontractor, and the Lawsuit.

**I.** Subcontractor represents and warrants it has not assigned to the Owner or any other party any claims it may have relating to, or arising from, the Project in any way whatsoever or claims it may have under the Subcontract, law, or statute against MPC or its officers, affiliates, owners.

**J.** The "Effective Date" of this Agreement shall be the first business day after which an order entered by the subject Bankruptcy Court approving this Agreement becomes final and non-appealable with no appeals having been made therefrom.

B-1

## DEFINITIONS

**K.** "Alleged Damages" means any and all injuries, damages, and relief relating to the Claims.

**L.** "Claims" refers collectively to any cause of action, claim, notice of claim, demand, loss, cost, liability, expense, damage, attorney fees, subrogation right, contribution right, indemnity right, mechanic's lien claims, statutory right, or other obligation that is related to or arises from the Property, the Project, the Lien, the Lawsuit, any Work or contractual obligations related to the Project, the Property, or otherwise performed per the Subcontract or the Construction Contract; provided however, this term does not include (i) warranty obligations or claims relating to the Project, and (ii) claims, causes of action, demands, expense or damages for latent defects relating to the Project, each whether pursuant to the Construction Contract, the Subcontract, or by law.

**M.** "Work" means any and all labor, services, materials, machinery, equipment, fixtures, tools, scaffolding, and appliances provided, delivered or performed by Subcontractor and its laborers, mechanics, subcontractors, materialmen, providers, and suppliers, whether directly or indirectly, at, relating to, or concerning the Project, and for any other indebtedness connected therewith for which Owner or MPC might be responsible.

**N.** "Lawsuit" is defined herein. On or about November 22, 2024, Freund & Freund Plumbing and Heating LLC filed a mechanic lien foreclosure lawsuit against Owner and MPC and named all parties, including Subcontractor, known as Denver District Court Case 2024CV033635.

## TERMS

In consideration of the mutual promises, covenants and agreements set forth herein, and for other good and valuable consideration, the sufficiency of which is mutually acknowledged, the Parties agree, represent, warrant, and covenant as follows:

**1. Recitals and Definitions.** The Recitals and Definitions are material terms of this Agreement and are incorporated into these Terms by this reference.

**2. Payment.** In consideration of the promises contained herein and contemporaneous with the execution of this Agreement, within five business days of the Effective Date, Owner shall issue a check or wire transfer payable directly to the Subcontractor in the amount of $100,000.00 ("Settlement Sum"). The Settlement Sum shall represent full and final payment to Subcontractor for all and any Work performed by Subcontractor, whether pursuant to the Subcontract or otherwise, on or pertaining to the Project.

**3. Unconditional Lien Waiver and Release.** Within eight business days of the Effective Date, Subcontractor shall execute the Unconditional Lien Waiver in the form attached hereto as Exhibit A acknowledging receipt of full and final payment for Work on the Project. Subcontractor further (a) waives, relinquishes, and releases all liens, statutory or otherwise, as well as any bond right, any claim for payment, and any right or claim to a lien, for labor and

materials furnished in the construction, improvement, alteration and repair involved in performance of the Work; and (b) releases and agrees to indemnify and hold harmless Owner, and Owner's lenders, any title insurance company and each of their respective successors and assigns, from any liability for costs and expenses (including reasonable attorneys' fees) relating to or arising from any lien, liability, claim, right or action, asserted against Owner or the Property from any alleged breach of the representations and warranties set forth in the Unconditional Lien Waiver and Release.

4. **Release of Claims by Subcontractor Against MPC and Owner.** In consideration of the promises contained herein and the payment described in Paragraph 2 above, eight days after the Effective Date, Subcontractor, for itself and for its successors, assigns, affiliates, parents, subsidiaries, agents, representatives, attorneys, officers, executives, directors, board of directors, shareholders, employees, insurers, and sureties, and for all other persons or entities claiming by or through them, hereby releases, acquits and forever discharges MPC, Owner, and Owner's lender, and their respective successors, assigns, affiliates, parents, subsidiaries, agents, representatives, attorneys, past and present officers, executives, directors, board of directors, shareholders, employees, engineers, subconsultants, subcontractors, insurers, and sureties, in their individual and official capacities, and the Property, of and from the Claims and any Alleged Damages related to the Work, Project, Subcontract, Property, or the Lawsuit.

5. **Release of Claims by MPC Against Subcontractor.** In consideration of the promises contained herein, upon the Effective Date, MPC, for itself and for its successors, assigns, affiliates, parents, subsidiaries, agents, representatives, attorneys, officers, executives, directors, board of directors, shareholders, employees, insurers, and sureties, and for all other persons or entities claiming by or through them, hereby release, acquit and forever discharge Subcontractor and its successors, assigns, affiliates, parents, subsidiaries, agents, representatives, attorneys, past and present officers, executives, directors, board of directors, shareholders, employees, insurers, and sureties, in their individual and official capacities, of and from the Claims and any Alleged Damages related to the Project and the Lawsuit, provided however, nothing in this Agreement shall constitute a release of, or relieve Subcontractor for, the completion or correction of its Work, nor any warranty obligations or liability for latent construction defects or other deficiencies in the Work whether contained within the Subcontract, the Construction Contract or available under law.

6. **Release of Liens and Encumbrances and Final Lien Waiver.** Subcontractor agrees to record a notarized release of the Liens eight business days after receipt of the Settlement Sum. A copy of the recorded releases shall be sent to Owner and MPC upon receiving it back from the clerk and recorders. The following encumbrances relating to the Property:

   a. Notice Extending Time to File a Lien No. 2025003315

   b. Mechanic's Lien No. 2025008894

(each an "Encumbrance" and, if more than one, collectively, the "Encumbrances"). Subcontractor represents and warrants that the Encumbrances are the only encumbrances Subcontractor has filed relating to the Property.

**7.     Dismissal of Lawsuit.** The Parties agree that within eight days of the Effective Date, Owner and Subcontractor shall file a joint motion to dismiss the Subcontractor from the Lawsuit. Due to the fact that MPC has filed for bankruptcy, it will not be able to participate in the filing of the dismissal due to the automatic stay that applies to MPC.

**8.     Default.** If any Party fails to comply with their obligations hereunder, the non-breaching Party may sue the other to enforce the provisions herein through specific performance or otherwise. The prevailing party in any such lawsuit will be entitled to recover their reasonable attorney fees and costs from the non-prevailing party. If the Settlement Sum is not paid, then either Party may void this Agreement and proceed with the Lawsuit. The Parties expressly agree that MPC does not and shall not have any liability to Subcontractor for the Settlement Sum and that, in the event of any nonpayment of the Settlement Sum, MPC shall not be in default hereunder and Subcontractor may not otherwise seek to recover the Settlement Sum from MPC.

**9.     Project Warranties.** Subcontractor hereby transfers and assigns to Owner any and all rights as the beneficiary of Subcontractor's warranty obligations in the Subcontract for or relating to Work on the Project effective upon the Effective Date. Owner shall be the beneficiary of all such warranty obligations.

**10.    No Admission of Liability.** This Agreement reflects the compromise and an accord and satisfaction of claims of disputed validity and disputed value. Each Party understands and agrees that neither this Agreement nor the payment of money herein represents an admission of liability, fault or wrongdoing on behalf of either Party.

**11.    Confidentiality.** The Parties mutually agree to keep the terms of this Agreement confidential to themselves, except that the Parties may disclose the terms of this Agreement as may be necessary (a) to obtain tax, accounting, or legal advice, (b) to the extent necessary to comply with securities laws or other public filing obligations (e.g., tax returns); or (c) to the extent necessary to undertake or cooperate in legal and administrative proceedings, and MPC may share the terms of this Agreement and any related agreements with Owner and Owner's lender and title company.

**12.    Attorneys' Fees and Costs.** Each Party shall be responsible for all of its own fees and costs whatsoever, relating to the Lawsuit, the asserted Claims, and this Agreement, including but not limited to, attorney fees, expert witness fees, costs and other expenses.

**13.    Counterparts.** This Agreement may be executed in original counterparts, each of which shall constitute and serve as an original hereof. Scanned emailed signature pages shall be deemed as effective as original signature pages.

**14.    Warranties Concerning the Agreement.** Each Party represents and warrants that: (a) it has executed this Agreement based upon its own knowledge, respectively; (b) it has had the advice of its respective legal counsel, professionals, consultants, and experts; (c) it has not relied on any statements or representations of the other Parties not expressly stated herein; and (d) it assumes the risk of mistake of fact or law as to all facts known or unknown, currently existing or which may arise in the future, with regard to the terms and subject matter of this Agreement.

B-2

**15. Authority.** By signing below, each of the signatories hereto does warrant and represent that he or she has the authority to so execute and bind the Party for whom he or she is acting to the terms and provisions of this Agreement.

**16. No Assignment.** Each of the Parties hereto represents and warrants that it has not sold, assigned, conveyed, or otherwise transferred its interest in any of the Claims.

**17. Entire Agreement.** This Agreement sets forth the entire agreement of the Parties and fully supersedes all prior negotiations, agreements, or understandings between or among the Parties pertaining to the subject matter herein. This Agreement may not be modified or amended, except by a written agreement signed by the Parties.

**18. Severability.** If, for any reason, any provision or term of this Agreement is held, to any extent, to be invalid or unenforceable, the remainder of this Agreement shall nonetheless remain binding, valid, and enforceable to the fullest extent permitted by law.

**19. Choice of Law, Jurisdiction, and Venue.** This Agreement shall be interpreted, enforced and governed under the laws of the State of Colorado. The parties agree to jurisdiction and venue for any dispute arising under this Agreement in Denver County District Court, Colorado.

**20. Third-Party Beneficiaries.** Each of Owner and Owner's lender and title company is an express intended third-party beneficiary of this Agreement. No party other than Owner and Owner's lender and title company is an intended third-party beneficiary of this Agreement, and all such beneficiaries (except Owner and Owner's lender and title company) are expressly disclaimed.

**21. Warranty as to Payment of Sub-subcontractors.** Subcontractor represents and warrants that it has paid or will pay all lower-tiered vendors, subcontractors, suppliers, laborers, and materialmen, whom it engaged to perform or provide the Subcontractor's Work for the Project (hereinafter the "Sub-subcontractors"). Subcontractor agrees to defend, indemnify, and hold harmless the Owner, Owner's lender, Owner's title company, and MPC from any and all any claims, actions, causes of action, demands, losses, damages, costs, interest, attorneys' fees, judgments, liens, indebtedness, and liabilities arising from or relating to mechanic's liens, notices to disburser, or other claims for payment by Sub-subcontractors for any amounts owed or alleged to be owed for the Project.

**22. Closeout Documents.** Within five (5) business days of Subcontractor's receipt of the Settlement Sum, Subcontractor shall provide to Owner all Operating and Maintenance Manuals, As-Built Documentation, and Manufacturer's Warranties, and all other documents or deliverables required to close out the Subcontractor's obligations under the Subcontract.

[SIGNATURES ON FOLLOWING PAGE]

**SIGNATURES**

Rio Grande Co.

Signature: *[signature]*

By: S. Charpentier

Its: Credit Manager

Date: 6/26/2025

Martines Palmeiro Construction, LLC

Signature: *[signature]*

By: BIN LU

Its: Member

Date: 6/26/25

B-2