## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

### _Minutes of Proceeding_

| | |
|---|---|
| Date: July 23, 2025 | **Honorable Thomas B. McNamara, Presiding** |
| | Katherine M. Swan, Law Clerk |

| | |
|---|---|
| In re: Martines Palmeiro Construction, LLC, Debtor. | Case No. 25-12313 TBM |
| | Chapter 11 |

| | Appearances | | |
|---|---|---|---|
| U.S. Trustee | | Counsel | **Paul Moss** |
| | | Proposed Counsel | **Brenton Gragg** |
| Debtor | **Martines Palmeiro Construction, LLC** | Special Counsel | **Peter Cal** |
| Creditor | **Plaza Fitzsimons Owner, LLC** | Counsel | **Dan Garfield (by telephone)** |

Proceedings:  Non-evidentiary hearing on (1) the "Amended Application to Employ Wolf Helfrich & Factor" (Docket No. 14, the "Application") filed by the Debtor, Martines Palmeiro Construction, LLC (the "Debtor"), and the Objection thereto (Docket No. 43) filed by the United States Trustee; and (2) "Debtor's Motion to Approve Settlement Agreement with Chris Bridgeford and Letitia Marie Bridgeford, Individually and as Trustees of the Letitia Marie Bridgeford Revocable Trust, the Letitia Marie Bridgeford Revocable Trust, FirsTier Bank – Nebraska Corp. d/b/a FirsTier Bank and FirstTier Bank – Nebraska, L.M. Armstrong/Bridgeford Construction LLC, and Integrity Concrete & Foundations, LLC" (Docket No. 66, the "Motion to Approve") filed by the Debtor, and the Objection thereto (Docket No. 82) filed by the United States Trustee.

☒ Proposed counsel for the Debtor, Special Counsel for the Debtor, the United States Trustee (the "UST"), and the creditors identified above entered their appearances on the record.

☒ The Court identified its concerns about the employment of Allen Vellone Wolf Helfrich & Factor P.C. ("Proposed Counsel") as proposed in the Application, including the lack of information regarding Allen Vellone's representation in pre-petition, ongoing litigation of a party adverse to the Debtor, FirsTier Bank.  The Court also addressed the scope of Special Counsel's employment and raised questions regarding Special Counsel's role in filing the settlement agreement that with FirsTier Bank.  The Court questioned the parties about how to proceed with respect to the Application and the Motion to Approve.

☒ Proposed Counsel acknowledged that, at present, Proposed Counsel had a conflict regarding matters involving FirsTier Bank that would preclude its employment under 11 U.S.C. § 327(a) as of the date of the hearing.  Proposed Counsel proposed that the Court allow the Debtor to seek approval of the employment of an independent or conflicts counsel for purposes of advising the Debtor with respect to the settlement underlying the Motion to Approve and then resolving the Motion to Approve _prior_ to the Application, suggesting by doing so the conflict might be resolved and employment of Proposed Counsel might be resolved in the future.

☒ Counsel for the United States Trustee did not disagree with the approach outlined by Proposed Counsel, but requested to do discovery with respect to the Application.  When asked about whether fees for Proposed

Counsel incurred prior to approval of its employment could be approved under the circumstances at hand, counsel for the United States Trustee took the position that only those fees incurred following resolution of the conflict could be approved.

☒ Special Counsel stated that he believed that his submission of the Motion to Approve was within the scope of Special Counsel's employment pursuant to 11 U.S.C. § 327(e).  Special Counsel concurred that the Motion to Approve should be evaluated prior to the Application.

☒ The Court recessed the proceedings to evaluate the proposal made by Proposed Counsel.

☒ After reconvening the proceedings, the Court expressed concern that, despite the fact that the case had been pending for three months, the employment of general bankruptcy counsel had not been approved pursuant to 11 U.S.C. § 327(a).  The Court also expressed concern that deferring consideration of whether Proposed Counsel could be employed might itself create a series of additional legal issues that would need to be litigated in the future.  Based on such considerations, the Court stated that it had determined that the Application needed to be addressed immediately and without further delay.  The Court further stated that it would not consider the Motion to Approve until and unless the Debtor had Section 327(a) counsel.

☒ Proposed Counsel acknowledged that Proposed Counsel was conflicted such that it could not presently be employed under 11 U.S.C. § 327(a).  Proposed counsel stated that holding an evidentiary hearing on the Application would not serve a purpose since the conflict would remain.

☒ Based on Proposed Counsel's admission, the Court ruled that Proposed Counsel could not be employed as counsel for the Debtor pursuant to 11 U.S.C. § 327(a) and denied the Application.

☒ Proposed Counsel asked the Court whether there was a date by which the Court would require the submission of an application to employ new Section 327(a) counsel.  The Court responded that it would not set a specific deadline, but encouraged retention as soon as possible.  The Court stated that if no new application to employ were submitted within 10 days, the Court likely would issue an order to show cause why the case should not be dismissed for failure to obtain counsel for the corporate Debtor pursuant to L.B.R. 9010-1(c).

Orders:

For the reasons stated on the record:

☒ The Application is DENIED.

☒ The Court will defer consideration of the Motion to Approve pending the filing of an application to employ new general bankruptcy counsel pursuant to 11 U.S.C. § 327(a).

---

Date: July 23, 2025

IT IS SO ORDERED:

_Thomas B. McNamara_
Honorable Thomas B. McNamara,
United States Bankruptcy Judge

FOR THE COURT:
_Kenneth S. Gardner, Clerk of Bankruptcy Court_

By: _Katherine M. Swan_
Katherine M. Swan, Law Clerk